UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE LUIS JUAREZ, | No. 1:26-cv-02878-DJC-CKD |
| Petitioner, | |
| v. | ORDER |
| WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER, | A# 221-486-605 |
| Respondents. | |

Petitioner filed a Petition for Writ of Habeas Corpus (Pet. (ECF No. 1)) and a Motion for Temporary Restraining Order (Mot. (ECF No. 2)) seeking an order releasing Petitioner from custody.  Given Respondents' indication that the Court should rule on the merits, the Court shall do so.

Petitioner entered the United States in 2004 and "has resided continuously in the country for over 22 years" prior to his present detention.  (Pet. at 4.)  Prior to Petitioner's present detention, it does not appear that he had any contact with immigration officials.[1]  (*See* ECF No. 7-1.)  In February 2026, Petitioner was taken into ICE custody.  (Pet. at 4.)

---

[1] In his Petition, Petitioner appears to erroneously suggest that he is subject to a removal order.  ICE files provided by Respondents instead suggest that Petitioner has not had contact with immigration officials.  (*See* ECF No. 7-1 at 2 ("The alien is not currently in proceedings with the Immigration Court.").)

1

The Court's prior orders are largely dispositive on the issues raised in the Petition and Motion.  *See Morillo v. Albarran*, No. 1:25-cv-01533-DJC-AC, 2025 WL 3190899 (E.D. Cal. Nov. 15, 2025); *E.L.D.M. v. Becerra*, No. 1:25-cv-01906-DJC-JDP, 2025 WL 3707140 (E.D. Cal. Dec. 22, 2025).  For the reasons stated in those cases, Petitioner has established that he is entitled to relief.  As Petitioner has been present in the United States for years prior to his present detention, he is correct that he does not qualify as an "applicant for admission" and thus cannot be detained under 8 U.S.C. § 1225(b)(2).  *See Morillo*, 2025 WL 3707140, at *4.  Thus, Petitioner was entitled to the procedures and rights afforded under 8 U.S.C. § 1226(a), most notably, a bond hearing.

In their Opposition, Respondents state that Petitioner was re-detained "following an encounter with law enforcement" which led to his re-detention.  (ECF No. 7 at 1.)  However, examination of the records provided by Respondents show only that Petitioner was taken into custody by local law enforcement based on his immigration status.  The RAP sheet does not show non-immigration-related charges from this 2026 encounter (*see* ECF No. 7-2), and the Form I-213 confirms that Petitioner was placed in county jail "following an arrest by local authorities for civil violations under the 287(g) program."  (ECF No. 7-3 at 2.)  The 287(g) program is an ICE program that permits approved local law enforcement agencies to engage in enforcement of federal immigration laws.  *See Arizona v. United States*, 567 U.S. 387, 408–09 (2012).  Thus, the records provided only suggest that Petitioner's recent contact with local law enforcement and his subsequent detention was based on his immigration status, not separate criminal conduct.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED.

2. Respondents are ORDERED to immediately release Petitioner Jorge Luis Juarez from their custody.  Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a

future pre-deprivation/custody hearing.  If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond must be considered. This Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

3.  The Clerk of the Court is directed to serve California City Detention Facility with a copy of this Order.

4.  The Clerk of the Court is further directed to close this case and enter judgment for Petitioner.  This Order resolves all pending motions.

IT IS SO ORDERED.

Dated:   **April 22, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

3